**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TRAVIS MANNING                                                                                                          PLAINTIFF
ADC # 144583

v.                                               2:12-cv-00038-JMM-JJV

RAY HOBBS, Director, Arkansas
Department of Correction; *et al.*                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, Travis Manning, is an inmate in the Arkansas Department of Correction ("ADC") East Arkansas Regional Unit ("EARU"). He filed a *pro se* Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, alleging the Defendants were deliberately indifferent to his medical and mental health needs. Having reviewed the Complaint, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his Complaint (Doc. No. 1) should be DISMISSED without prejudice.

**I.   SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 557.

**II.   ANALYSIS**

Plaintiff asserts that having haircuts and shaves done by homosexual inmates at the EARU's barber-shop has caused him "great mental stress" and he has lost sleep "to the point of depression." (Doc. No. 2). He states that he tried to obtain help from mental health providers at the prison but his request for a sleep aid was denied. He then received several major disciplinaries for refusal to get a haircut and shave. (*Id.*) After carefully reviewing Plaintiff's allegations, the Court finds his Complaint fail to state a claim upon which relief may be granted.

The Eighth Amendment, which applies to the States through the due process clause of the

Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)(internal citation omitted). Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment proscription of cruel and unusual punishment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983); *see Langford v. Norris*, 614 F.3d 445, 459-60 (8th Cir. 2010); *Smith v. Jenkins*, 919 F.2d 90, 92-93 (8th Cir. 1990). This principle also extends to a prisoner's serious mental health care needs. *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995); *Smith*, 919 F.2d at 93.

Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Vaughan*, 49 F.3d at 1346. Establishing deliberate indifference requires more than a showing of mere negligence, more even than gross negligence, and a prisoner's mere disagreement with treatment decisions will fail to state a claim of deliberate indifference. *Langford*, 614 F.3d at 460; *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990).

Furthermore, if any claim of medical indifference is to succeed, it must be brought against the individuals directly responsible for the prisoner's medical care. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997); *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). Plaintiff fails to state a constitutional Eighth Amendment claim.

Plaintiff also fails to state a claim against ADC Director Ray Hobbs, EARU Corporal Danny Jones, EARU Warden Danny Burl, and EARU Disciplinary Hearing Officer Lathan Ester. According to his Complaint, these individuals were not responsible for his medical care or the issuance of his disciplinaries. And state actors cannot be held liable under 42 U.S.C. § 1983 for the

misconduct of their subordinates under a theory of *respondeat superior* liability. *See Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Whitson v. Stone Cnty Jail*, 602 F.3d 920, 928 (8th Cir. 2010); *Vaughn v. Greene Cnty, AR*, 438 F.3d 845, 851 (8th Cir. 2006).

The filing of disciplinary charges against an inmate is actionable under 42 U.S.C. § 1983 if done in retaliation for the inmate exercising a protected right. *Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). Here, Plaintiff does not assert that filing the disciplinary charges was retaliation or that he was exercising a protected right. Rather, his allegations show he was disciplined specifically for refusing to get haircuts and shaves. Therefore, Plaintiff fails to state a claim under 42 U.S.C. § 1983.

For these reasons, the Court finds that Plaintiff's Complaint (Doc. No. 1) should be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint (Doc. No. 1) be DISMISSED for failure to state a claim upon which relief may be granted.

2.   Dismissal of Plaintiff's Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as

3.  The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

DATED this 23rd day of May, 2012.

JOE J. VOLPE  
UNITED STATES MAGISTRATE JUDGE

---

a strike within the meaning of Section 1915(g).